## OLDHAM v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 11, 1926.)

No. 4377.

Criminal law ⊜⇒317—Defendant's failure to cross-examine government witness concerning vital matters as to which government had not examined him or to call him as his own witness, held not to justify any conclusion injurious to him.

In prosecution for conspiracy, where district attorney carefully refrained from examining on vital matters of case a government witness, who, if defendant was guilty, must have had full knowledge as a co-conspirator, *held*, no conclusion injurious to defendant could be drawn from his failure to call or cross-examine such witness as to such matters.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Ronald C. Oldham was convicted of conspiracy to defraud the United States by securing release of a federal prisoner on a forged bail bond, and he brings error. Reversed and remanded.

A. R. Burnam, Jr., of Richmond, Ky., for plaintiff in error.

Sawyer A. Smith, U. S. Atty., of Covington, Ky. (John E. Shepard and Rodney G. Bryson, Asst. U. S. Attys., both of Covington, Ky., on the brief), for the United States.

Before DENISON and MACK, Circuit Judges, and HICKENLOOPER, District Judge.

MACK, Circuit Judge. Defendant, an attorney at law, was convicted on the charge of conspiring with another attorney, unknown persons, and a federal prisoner, Mason, to defraud the United States in securing Mason's release from jail on a knowingly forged bail bond. Mason had died before trial on either charge (the indictment against him or this joint indictment), and the codefendant of Oldham was discharged at the conclusion of the evidence in the conspiracy trial.

A careful and repeated review of the record satisfies us that the conviction cannot be upheld; that suspicion, and at best but a scintilla of evidence, are all that have been offered to establish Oldham's guilt. Our recent review of the scintilla rule in Hardy-Burlingham Co. v. Baker, 10 F.(2d) 277, decided February 5, 1926, renders further consideration of the legal principles unnecessary.

Nor shall we discuss the evidence, inasmuch as on a new trial the record may well be different. We say this, because the district attorney carefully refrained from examining the government's witness, Juett, on the vital matters in the case, matters as to which his answers, if believed by the jury, might well be determinative of the question of guilt or innocence; for it is clear from the record that, if defendant be in fact guilty, Juett in all probability must have had full knowledge thereof as a co-conspirator. In the circumstances, no conclusion injurious to defendant can properly be drawn from his failure either to cross-examine Juett as to such matters or to call him as his own witness.

It may well be in this case, as in others, that, without granting immunity to one of two alleged conspirators, the evidence will again fall short of that required to establish guilt. If so, the responsibility of risking and of choosing is upon the prosecution. It suffices that on the record before us the evidence does not sustain the verdict and judgment.

Reversed and remanded.